### T. M. BEVERLY v. THE STATE.

No. 3069. Decided January 11, 1905.

#### Right of Appeal—Sheriff—Retaxing Costs—Jurisdiction.

The jurisdiction of the Court of Criminal Appeals is confined to appeals in criminal cases in which a defendant alone has the right of appeal. There is no appeal by a sheriff on matters of costs where the court below has stricken items from his cost bill on a motion to retax cost.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a decision on motion to retax the costs.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Amicus Curiæ.—Now comes Howard Martin, Assistant Attorney-General, and amicus curiæ of the court, and moves the court to dismiss the appeal herein, for the reason that the court has no jurisdiction of the matters in controversy in this case.

The record shows that Jim Bates was convicted of a misdemeanor in the County Court of Collin County, and was adjudged to pay the costs of the prosecution; that the sheriff T. M. Beverly (appellant herein) taxed against him as costs $1 for the execution of the writ of commitment, and $1 for releasing the said Bates from custody. Bates filed a motion in said county court asking that the costs be retaxed, that said items charged against him by the sheriff were illegal. The court found that the motion to retax was well taken, and that the sheriff was not entitled under the facts to said items of costs; and ordered the clerk to strike the same from the fee book. To which ruling of the court the sheriff (appellant) excepted and gave notice of appeal to this court,—filing an appeal bond payable to the said Bates, thereby attempting to perfect his appeal.

DAVIDSON, PRESIDING JUDGE.—This case was tried by the county judge on a motion to retax the costs, in which the trial court eliminated two items from the cost bill. From this judgment the sheriff appealed. Motion is made to dismiss the appeal for want of jurisdiction of this court. We believe the motion is well taken. Without going into the question as to whether the defendant in a criminal prosecution, where costs have been adjudged against him, which he deems unjust, can appeal, we hold that the sheriff has no right of appeal to this court. He is not mulcted in any fine nor subject to a criminal prosecution in any form. The jurisdiction of this court is confined to appeals in criminal cases in which a defendant alone has the right of appeal. We know of no authority, nor have we been cited to any, that authorizes a sheriff to appeal where a court has decided matters of cost against him. The motion is sustained and the appeal is dismissed.

*Appeal dismissed.*