JAMES BARROW v. THE STATE.

No. 1227. Decided May 24, 1911.

Simple Assault—Appeal Bond—County Court.

Where defendant was convicted in the Justice Court and appealed to the County Court, and the appeal bond did not bind the defendant to appear at any particular place, the same was bad, and the County Court acquired no jurisdiction.

Appeal from the County Court of Denton. Tried below before the Hon. S. H. Hoskins.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was tried and convicted in the Justice Court of precinct No. 8 of Denton County, Texas, on October 20. 1910, of a simple assault and filed $5.

Seventy-six days thereafter he filed an appeal bond, and attempted to appeal the case to the County Court. In the County Court the county attorney made a motion to dismiss the appeal on the ground that the appeal bond was insufficient in that it does not bind the defendant to appear at any particular place. Upon the authority of Russell v. State, 84 S. W. Rep., 589, this motion was properly sustained, and the case properly dismissed from the County Court. The

appeal bond in the Russell case, supra, is precisely, in this respect, the same as the bond in this case.

The judgment is therefore affirmed.

*Affirmed.*